ELTING and others, Administrators of ELTING, *against* VANDERLYN.

THIS was an action of *assumpsit.* The declaration stated, that one *Zachariah Hoffman*, now deceased, was, in his life-time, justly indebted to the intestate, in his life-time, in divers sums of money, &c. that the intestate, in his life-time, was about to sue the heirs of the said *Hoff- man*, for the recovery of the sums so due to him; " that thereupon the said *Jacobus Vanderlyn*, in consideration that the said *R. I. Elting*, (the intestate, ' in his life-time, at the special instance and request of the defendant, would forbear to prosecute the heirs of the said *Z. Hoffman*, of which the defendant, in right of his wife, was one, he, the defendant, undertook and faithfully promised the intestate, in his life-time, and since, to wit, on the 1st May, 1807, .at, &c. undertook and promised the plaintiff's administra- tors to pay them the several sums of money so due and owing from the said *Hoffman*, in his life-time, to the said *Elting*, in his life-time, &c. that the said *Elting*, in his life-time, confiding in the said promise, &c. did forbear to prosecute, &c. for two years and longer, and hitherto hath forborne to prosecute, &c. and that the plaintiffs, as admini- strators, since the death of *Elting*, have also forborne to prosecute," &c. The defendant pleaded *non assumpsit*, and *non assumpsit infra sex annos.*

The cause was tried at the *Ulster* circuit, in *September* last, when the jury found a verdict for the plaintiffs.

A motion was made, at the last term, in arrest of judg- ment, on the following grounds :

1. Because the promise of the defendant was for the be- nefit of the heirs of *Hoffman* generally, and so within the statute of frauds.

A declaration on a promise to pay the debt of another, need not state that the promise was in writing. That is matter of evi- dence at the trial, and after verdict the court will pre- sume that it was proved to be in writing. Where one of several heirs is sued on his promise to pay the debt of the ancestor, the plaintiff need not allege that the defendant or heirs had assets.
A forbearance to sue generally is a good consi- deration for a promise to pay the debt of ano- ther.

NEW-YORK,
May, 1809.

Elting
v.
Vanderlyn.

2. Because the plaintiffs ought to have averred in their declaration, that the defendant, as one of the heirs, had received *assets* from the ancestor.

3. Because a promise to pay, in consideration of an indefinite forbearance, is void.

* 24th sess. c. 50.

*Hawkins*, for the defendant. 1. The statute* which makes heirs liable on simple contracts, and specialties, for the debts of their ancestors, makes them jointly responsible. It is a contract, and as such must be joint. The defendant could only be answerable for his proportion of the debt, as one of the heirs. His promise, therefore, to pay the whole, was a promise to pay the debts of the other heirs ; it is a *parol* undertaking for the debt of another, and so within the statute of frauds.

2. In every case, the plaintiff ought to allege in his declaration sufficient to ·entitle him to recover. The plaintiffs ought to have alleged that the defendant was heir and had *assets* by descent ; for though the ancestor may have given a bond, or been indebted, it does not follow that the heir is

† 2 *Saund.* 136. (3d *Ed.*) and note.

liable, unless he has assets by descent.† As the defendant was not impleaded as heir, he could not plead *riens per descent.*

3. A forbearance generally, without specifying any time, is not a sufficient consideration to support an *assumpsit.* In

‡ *Cro. Eliz.* 19. 455.

*Lettwich* v. *Hussey*, and *Philips* v. *Sackford*,‡ it was decided, that a promise to forbear indefinitely, was not a good

§ *Cro. Jac.* 250.

consideration. There must be some certain time limited.§

¶ *Hutton*, 108.

At least, the forbearance should be for a reasonable time.¶ It is true, that where there is any lien lost, or benefit conferred by the forbearance, this will be a good consideration for

** *Bull. N. P.* 281. *Cowper*, 128. *Hutton*, 101. *Hardres*, 72.

the promise.**

*Sudam*, contra. 1. The declaration need not state that the promise was in writing ; that fact must appear in evidence at the trial. If such a promise be stated, as, if in writing, would be valid under the statute, the court, after

verdict, will intend that it was proved to have been in writing, and the judgment cannot be arrested on that ground.

2. The plaintiffs do not charge the defendant as heir; it was not necessary, therefore, to allege that he had assets by descent. The action is founded on the promise of the defendant to pay the debt of the heirs. Under our statute, heirs are liable for the simple contracts of their ancestors, though not so in *England*. Where the declaration is against an executor or heir, on his own promise to pay, assets need not be alleged; for if there is a sufficient consideration, or the promise be valid, he is liable whether there be assets or not.*

*1 *Saund.* 211. a. *note.* 2 *Saund.* 137. b. *note.*

3. The cases cited from *Cro. Eliz.* have been overruled by subsequent decisions; and, particularly, in the case of *Mapes* v. *Sidney*,† where it was laid down, that a forbearance to sue generally was a good consideration for a promise. If it appear that the plaintiff did forbear a reasonable time, it will be sufficient. By forbearing to sue, the plaintiff suffers a damage.

† *Cro. Jac.* 683. See also *Cro. Jac.* 47. 272. and *Cro. Car.* 241. *Hobart*, 216.

VAN NESS, J. delivered the opinion of the court. 1. There is no pretence for bringing the promise within the statute of frauds. Whether the promise was in writing or not, need not appear in the declaration. That is matter of evidence only; and after verdict, we must presume that it was in writing. Forbearance to sue is a sufficient consideration for a promise to pay the debt of another. (1 *Saund.* 211. a. note.)

2. The defendant is not sued as heir, but on a promise to pay the debt of the heirs, and the question of assets does not, therefore, arise. Heirs, under our statute, are liable for the simple contract debts of their ancestor.

3. The consideration of forbearance generally is sufficient, without setting forth a specific time. There was, in fact, a total forbearance for a long time, which brings the

case within that of *Mapes* v. *Sidney*. (*Cro. Jac.* 683.) The court are of opinion, that the motion must be denied.

Motion denied.