Emmet, J.
This is an action by the assignee of a judgment against the sureties of the judgment debtor, on an appeal to the general term of this court. The facts are as follows.
John Snyder recovered a judgment against James R. Del Vecchio for $503.95. Del Vecchio appealed to the general term, and, on such appeal, Dean & Stevens, the defendants in this case, executed an undertaking, as required by the Code (§§ 334, 335, 345).
Snyder’s judgment against Del Vecchio was affirmed at the general term, and an additional judgment for $61.28, costs on the appeal, was entered. Del Vecchio paid Snyder $210.22, on account, and Snyder then assigned the judgments to Thurman, the plaintiff in this ease.
No execution was issued on the judgments ; but Thurman commenced this action against the sureties on the undertaking, to recover $363.83, the balance due by Del Vecchio, on both judgments, for principal and interest.
The complaint alleges that Stevens and Dean, in consideration of the appeal, and that Del Vecchio had a stay of proceedings upon the judgment, undertook that Del Vecchio would pay all costs and damages, &e. (in the language of the undertaking), which should be awarded against him, on the appeal. It does not aver either that the undertaking was in writing and subscribed by the defendants, or that it was made or entered into with the plaintiff, or that Snyder had any right to assign, or that he did assign it to the plaintiff.
*610 The defendant, Stevens, demurred to the complaint on the following grounds.
1. That the undertaking set forth in it was a collateral undertaking, to answer for the debt or default of another, and was void by the Statute of Frauds (2 R. S. 135),
2. That the complaint shows no right of action in the plaintiff against the defendant.
3. That the complaint does not contain sufficient facts to constitute a cause of action.
Previous to the Code, the first ground of demurrer would clearly not have been tenable. The rule was well settled in courts of law, that the Statute of Frauds did not affect the form of pleading. If a declaration averred such an agreement, it was not necessary to allege that it was in writing, as that fact would be presumed, until the contrary appeared ; and a demurrer was proper only when it distinctly appeared on the face of the declaration, that the agreement was not in writing (1 Cowen, 45 ; 4 Johns. 237; 6 Hill, 53 ; 4 B. & A, 274), and the same rule prevailed in Courts of Equity (2 Paige, 177),
The Code, however, has prescribed a new system of pleading, the fundamental rule of which, as to the complaint, is, that it shall contain a plain and concise statement of the facts constituting the cause of action. In order to constitute a cause of action against a party for the debt or default of another, the law makes it an essential fact, that he should' have undertaken to do so by writing, subscribed by himself.
The making or existence of such a writing, so subscribed, is, therefore, one of the facts constituting the cause of action, and it would seem necessarily to follow, that it must be stated in the complaint.
The Code means, undoubtedly, that the complaint shall contain a perfect and clear statement of all the facts essential to the right of action ; and it can hardly be said that a statement, omitting a fact so important as this, to the right of action on a collateral promise or undertaking to pay the debt of another, and which, under the old system of pleading, required a presumption of law to sustain it, can be such a perfect and clear statement.
The fact undoubtedly is, that the undertaking in this case *611 was in writing, and signed by the defendants ; and if that fact had been stated in the complaint, there would have been no pretext for this ground of demurrer. The demurrer assumes that it was not in writing, contrary to the fact, because the fact was not averred, and an equivocal view of the undertaking, which is the basis of the action, is thus presented. This would have been obviated by such a statement of the facts as the Code requires. It is no answer to this to say, that, as it was on an appeal, it must have been in writing, and subscribed by the sureties, because the Code so requires all undertakings to he in such cases. The technical term “ undertaking,” as used in the Code, is not to be found in the complaint at all, nor is it even averred that the defendants undertook, as required or directed by law in such cases. There is nothing in the complaint which absolutely excludes the supposition, that the defendants may have undertaken, as therein alleged, by a mere verbal promise or agreement.
For these reasons, I think the demurrer upon the first ground is well taken, and that judgment must be for the defendants. But, as this ground .of demurrer is upheld upon a view of the rule of pleading under the Code, at variance with an old settled principle, which the plaintiff might well consider himself bound to follow, he must be allowed to amend his complaint, without costs.
This decision renders it unnecessary to discuss the other two grounds of demurrer, I confine myself therefore to saying, that, in my view, neither of them can he sustained, except for the same reason which makes the first ground of demurrer sufficient,
Duer, J., concurred.