## SUPREME COURT.

WILLIAM G. SANDS, receiver of the ÆTNA INSURANCE COM-
PANY of Utica agt. CHARLES ST. JOHN, impleaded with
NELSON BIRDSALL.

Where there is a *new promise* to pay a debt barred by the *statute of limitations*,
it is not necessary to count upon it as a new contract; but the action may be
brought upon the *original obligation.* (*See* 4 *Kern.*, 21.)

Under the Code, the objection that the action, whether legal or *equitable*, was not
commenced within the time limited by statute, *can only be taken by answer.*
(*Code*, § 74.)

Even where it appears on the *face of the complaint* in an equitable action, that the
statute of limitations is a bar to the action, the defendant cannot *demur* to the
complaint. (*Approving of the decision in Lefferts agt. Hollister,* 10 *How.
Pr. R.*, 383; *and Butler agt. Mason,* 16 *id.*, 546; *and disapproving of the
decision in Genet agt. Tallmadge,* 1 *Code R. N. S.*, 346.)

It is therefore unnecessary and improper for the plaintiff to allege in his complaint
any facts and circumstances to anticipate and avoid the defence of the statute of
limitations. (*Butler agt. Mason, supra; and overruling the decision on this
point in Bracket agt. Wilkinson,* 13 *How. Pr. R.*, 102.)

Consequently, where in an action on a capital stock note by the receiver of a mutual
insurance company, it was alleged in the complaint that the insurance company
and a former receiver were restrained by injunction about five years from bringing
any action on the note in suit, *held,* that the allegations were immaterial, and
could not be taken as true, by reason of the omission of the defendant to deny
them.

The six years' statute of limitations is applicable to *capital stock notes of mu-
tual insurance companies.* And under a late decision of the court of appeals,
(*Howland* agt. *Edmonds, reported post p.* 152,) such notes are held to be pay-
able *on demand;* and the statute of limitations begins to run thereon from their
*dates.*

*Heard at the Broome General Term, in Nov.* 1861.
*Decided in May,* 1862.

*Present,* BALCOM, CAMPBELL and PARKER, *Justices.*

APPEAL from an order made at the Delaware special term
in May, 1861, overruling plaintiff's demurrer to the fourth
defence contained in the answer.

This action was brought upon a note of the defendants,
which reads as follows :

" $420.—For value received, in policy No. 239, dated
28th March, 1851, issued by the Ætna Insurance Company

of Utica, we promise to pay the said company, or their treasurer for the time being, the sum of four hundred and twenty dollars, in such portions, and at such time or times as the directors of said company may, agreeably to their charter and by-laws, require.     St. John & Birdsall."

The defendants answered as follows :

*Fourth.*—And for a further and separate answer to said complaint, this defendant alleges that neither of the causes of action set forth in said complaint accrued within six years next preceding the time of the commencement of this action, and that said action was not commenced within six years next after the said causes of action and each of them accrued, and that the plaintiff is therefore barred by the statutes of this state, concerning the time of commencing civil actions, from having or maintaining this action against this defendant ; and this defendant in this his answer sets up the said statute in bar of a recovery against him in said action, on account of the causes of action set forth in said complaint, or either of them. Wherefore this defendant prays for judgment against the plaintiff, for his costs and disbursements in this action.

The plaintiff demurs to the fourth defence set forth in the answer of the defendant Charles St. John, in this action, and for grounds of demurrer specifies the following :

1st. That the same does not constitute a defence to said action.

2d. That the same is no answer, and not applicable to the action.

3d. That the defendant's note is capital stock, and is not yet subject to the statute of limitations.

The action was brought to trial upon the issue of law thus formed, before Mr. Justice Balcom, at the court-house in Delaware county, on the last Tuesday of May, 1861, who found, and decided as conclusions of law, as follows :

I find and hold that the fourth defence set up in the answer contains new matter, which, upon its face, consti-

tutes a defence to this action; and that the plaintiff's demurrer to said defence is not well taken, and it is overruled, with costs; but the plaintiff may withdraw said demurrer within twenty days after service of a copy of this decision on his attorney, on payment of the costs occasioned by said demurrer.

From this decision the plaintiff appealed to the general term.

HENRY R. MYGATT, *for plaintiff.*
J. W. GOTT, *for defendant.*

BALCOM, P. Justice.　The defence of the statute of limitations in this case is set up in nearly the same form that such defence was interposed in actions at law under our former system of pleading. (*See* 2 *Chit. Pl.*, 450 ; *Bell* agt. *Yates*, 33 *Barb.*, 627.)　But that system was abolished in 1848, when the Code of Procedure was enacted. (*Laws of* 1848, *p.* 497.)　The system of pleading prescribed by the Code is *sui generis*, though more like that which formerly prevailed in courts of equity than any other.

Under the old system, the plaintiff had no right, in an action at law, to allege facts in his declaration to head off or avoid an anticipated defence, such as the statute of limitations ; and if he did so, such facts were treated as surplusage, in case they did not subject the declaration to the charge of duplicity. (*See* 1 *Chit. Pl.*, 228 *to* 235.)　Under that system, in an action at law arising on contract, to which, *prima facie*, the statute of limitations was a defence, and the plaintiff relied upon a new promise of the defendant within the time limited, to avoid such defence, he declared upon the original contract without noticing the new promise.　(*See* 5 *Wend.*, 257 ; 9 *id.*, 293 ; 6 *Barb.*, 583.) And under the Code the action is founded on the original obligation ; and if the statute of limitations is set up in the answer as a defence, any matter in avoidance of it may

be proved without being alleged in the complaint. (*Essel-styn* agt. *Weeks*, 2 *Kern.*, 635 ; *Waltermire* agt. *Westover*, 4 *id.*, 20, 21.) This court is not at liberty to hold (whatever may be the opinion of its members) that the new promise is the substantive cause of action, and that the original contract is only to be looked to for the consideration to sustain such promise. The decisions of the superior court, in 2d *Duer*, (609 *and* 626 ;) section 110 of the Code ; the remarks of Vansantvoord in the second volume of his *Treatise on Pleadings*, (2d ed., *pp.* 268, 269 ;) and the reasoning of Judge BRONSON in *Van Keuren* agt. *Parmelee*, (2 *Comst.*, 523,) would not justify this court in disregarding the decisions of the court of appeals, above cited from 2d and 4th *Kernan's Reports*. We are therefore compelled by authority to declare the law to be, that where there is a new promise to pay a debt barred by the statute of limitations, it is not necessary to count upon this as a new contract ; but the action may be brought upon the original obligation. (*See* 4 *Kern.*, 21.)

Before the Code, when the action was cognizable only by a court of equity, and was apparently barred by the statute of limitations, the complainant was not only required to set out in his bill the original cause of action, but was obliged to allege facts or circumstances therein, sufficient to avoid the effect of the statute, and show it was not a defence to the action, or the bill could be demurred to for the want of equity. (*See Story's Eq. Pl.*, § 751 ; 24 *Wend.*, 587 ; 3 *Barb. Ch. R.*, 477 ; *Van Hook* agt. *Whitlock*, 7 *Paige*, 373.) And it was then well settled, that a plea in bar of the statute of limitations to a bill in equity, was bad, unless it contained a general denial of the facts and circumstances charged in the bill, which would avoid the statute, and was accompanied by an answer supporting it, by a particular denial of all such facts and circumstances. (*See Goodrich* agt. *Pendleton*, 3 *John. Ch.*, 384 ; *Kane* agt. *Bloodgood*, 7 *id.*, 134 ; *Bogardus* agt. *Trinity Church*, 4 *Paige*,

195 ; 1 *Barb. Ch. Pr.*, 128, 129 ; *Chapin* agt. *Coleman*, 11 *Pick.*, 331 ; *Stearns* agt. *Page*, 1 *Story's R.*, 204 ; *Story's Eq. Pl.*, § 754 ; *Clayton* agt. *Winchelsea*, 3 *Younge & Collyer's R.*, 683 ; *Foley* agt. *Hill*, 3 *Mylne & Craig's R.*, 475.) The reason for requiring the defendant to deny in his plea and by his answer, the facts and circumstances charged in the bill, which would avoid the statute, was, that the court would intend that the matters so charged against the defendant were true, unless they were fully and clearly denied, (*see* 3 *John. Ch. R.*, 391 ; 1 *Barb. Ch. Pr.*, 129,) and when such matters were not thus denied, it was held that the bill furnished a perfect answer to the plea.

I have no doubt that, by the Code, the objection that the action, whether it be equitable or legal, was not commenced within the time limited, can only be taken by answer ; for such is the plain and obvious import of section 74. (*See Lefferts* agt. *Hollister*, 10 *How. Pr. R.*, 383 ; *Butler* agt. *Mason*, 16 *id.*, 546.) The decision in *Genet* agt. *Tallmadge*, (1 *Code R. N. S.*, 346,) that, in an equitable action, where it appears on the face of the complaint that the cause of action is barred by the statute of limitations, the defendant may demur to the complaint, was virtually overruled in *Butler* agt. *Mason*, (*supra.*) I think the decision in *Genet* agt. *Tallmadge* is contrary to the plain reading of section 74 of the Code, and that it should not be followed. The views of Vansantvoord, founded upon this decision, must be discarded with it.

It follows, from the foregoing conclusions, that it was unnecessary for the plaintiff to allege any facts or circumstances in his complaint, to head off or avoid the defence of the statute of limitations. Besides, subdivision 2 of section 142 of the Code declares that the complaint shall contain " a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition." And I take it to be clear, that unnecessary allegations in a complaint are immaterial, and may be stricken out on motion

as irrelevant or redundant. (*Code*, § 160.) Justice CLERKE held, in *Butler* agt. *Mason*, (*supra*,) that it is irrelevant to insert an allegation in a complaint, that the defendants have not resided at any time in the state within six years before the commencement of the action, for the purpose of anticipating the defence of the statute of limitations, although the complaint would show on its face, without such allegation, that the claim was barred by the statute. I think that decision is in harmony with the spirit as well as the letter of the Code, and that we should follow it. That decision is plainly in conflict with the one made by Justice SMITH, in *Bracket* agt. *Wilkinsons*, (13 *How. Pr. R.*, 102;) and I think the latter should be overruled. (*See* 8 *How. Pr. R.*, 470.) It will hardly do to hold that unnecessary allegations in a pleading are not irrelevant or redundant, as we must, if we follow the decision in *Bracket* agt. *Wilkinsons*.

Now, as the allegations connected with the second claim or cause of action set out in the complaint, showing that the insurance company and the receiver, Eames, were restrained by injunction, about five years, from bringing any action on the note in suit, were immaterial, they cannot be taken as true, for the omission of the defendant to deny them, by force of section 168 of the Code. It is only every *material* allegation of the complaint, not controverted by the answer, that is to be taken as true. It was therefore unnecessary for the defendant to accompany the defence of the statute of limitations with a denial of the above mentioned allegations, to prevent the court taking them as true.

This claim or cause of action shows the note therein mentioned is a premium or deposit note. Hence the defendant would have the right to prove it was given for a policy which ran only one year, and that it was duly assessed by the directors of the company in 1852 or 1853, for a portion or all of the losses and expenses for which the plaintiff had assessed it, and that in one of those years,

or at least more than six years prior to the time the action was commenced, payment of the assessment made in 1852 or 1853, was duly demanded of the defendant, and refused. These facts would render the defence of the statute of limitations applicable to such claim or cause of action, and would compel the plaintiff to give evidence to avoid it.

I think no one can doubt that an action to recover an assessment upon a premium or deposit note must be brought within six years next after the assessment is made, and payment thereof demanded, unless facts exist to prevent the running of the statute of limitations, or that avoid its effect. (*Code*, § 91.)

The foregoing reasons lead to the conclusion that the defence, that the several causes of action in the complaint did not accrue within six years next preceding the time the action was commenced, is well pleaded as a bar to the second claim or cause of action therein set out, without being accompanied by a denial of the allegations inserted in the complaint to avoid or head off such defence.

The allegations in the first claim or cause of action, set out in the complaint, that the note therein described is a capital stock note, and was used as such in effecting the organization of the Ætna Insurance Company, are material and necessary, for the reason there is no averment therein that the note has been assessed as a premium or deposit note, and it is in the form of such notes. The note, on its face, is payable at such time or times as the directors of the Ætna Insurance Company might, agreeably to their charter and by-laws require, and the presumption, without any allegation or proof to the contrary, would be, that it was given and taken as and for a premium or deposit note ; (*Dana* agt. *Munson*, 23 *N. Y. R.*, 564 ;) and no recovery can be had on such a note unless it has been duly assessed. (19 *N. Y. R.*, 32.) But the plaintiff may allege and prove that the note, notwithstanding its form, was given and taken as and for a capital stock note, and used as such in

organizing the insurance company, and recover the entire amount thereof, without showing that it has been assessed; because such notes are payable absolutely at maturity. (*White, receiver* agt. *Haight*, 16 *N. Y. R.*, 310.)

There is nothing on the face of the note, as it is described in this claim or cause of action, or on the face of a capital stock note made in the very words of the statute, to show that actions thereon need not be brought within six years next after the causes of action accrue. On the contrary, it seems to me to be plain, that by section 91 of the Code, actions on such notes must be brought within six years next after the causes of action accrue thereon, and I do not think any statute concerning insurance companies, in which such notes are mentioned, extends the time for commencing actions on them.

Now, as all capital stock notes of mutual insurance companies must be made payable or deemed payable "at the end of or within twelve months from date thereof," (*Laws of* 1849, *p.* 442, § 5,) I think they become due absolutely (saying nothing about days of grace thereon) at the expiration of twelve months from their dates, without any requirement of payment by the directors.

If the language of the note in suit had been, that the defendant promised to pay the directors of the Ætna Insurance Company the money therein mentioned, "at the end of or within twelve months from the date thereof," I should say there could be no doubt that it became due and payable at the expiration of that period, or that the statute of limitations then began to run on it. And if the defendant gave the note as and for a capital stock note, the law presumes he had knowledge of the statute, pursuant to which he gave it; and he should be deemed to have known that the directors of the company could require him to pay a portion or all of it within twelve months from its date; but if they did not require him to pay the same within that period, it became due and payable absolutely, by force of

the statute, at the expiration of such period. I therefore think, if the note is a capital stock note, it became due and payable absolutely, (saying nothing of days of grace thereon,) at the expiration of twelve months from its date, precisely as it would if the time of payment had been stated therein, in the very words of the statute.

If these views are correct, an action could have been commenced on the note, without any actual request or demand of payment, at the expiration of twelve months, or twelve months and three days from its date ; (8 *Cow.*, 271 ; 3 *Wend.*, 13 ; 9 *John.*, 217 ; 16 *N. Y. R.*, 451 ;) and the statute of limitations then commenced running on the same.

But if the note could be deemed payable on demand, or when payment thereof should be required after the expiration of twelve months from its date, it was due and payable when given, or as soon as the twelve months elapsed, and the statute of limitations began to run on it when it became due and payable ; for an action could then have been commenced on it by the holder without first actually demanding payment of it of the defendant ; the bringing of the action would have been a sufficient demand. (2 *Parsons on Cont.*, 2d ed., 370 to 374 ; 13 *Wend.*, 267 ; 3 *Denio*, 12.) The authorities which sustain this conclusion were not overruled or repudiated in *Merritt* agt. *Todd*, (23 *N. Y. R.*, 28,) but are entirely consistent with that case. And I do not doubt that the law now is, as it always has been, that the statute of limitations begins to run on a note, payable on demand, as soon as it is made. ( *See* 2 *Parsons on Cont.*, 2d ed., 372.)

I will not further discuss this branch of the case ; but will remark that my views of it harmonize with the opinion of the general term of this court, delivered in the fourth district, in *Bell* agt. *Yates*, (33 *Barb.*, 627,) and substantially agree with those expressed by Justice ALLEN in a dissenting opinion in *Howland* agt. *Edmonds*, (33 *Barb.*, 433.)

I might add, that it seems to me prudence and sound

policy require that the capital stock notes of mutual insur-
ance companies should be paid or collected within less than
seven years from their dates, and "invested in more safe
and permanent securities, according to the provisions of
the 8th section of the act of 1849." (*See* 16 *N. Y. R.*, 322 ;
*Laws of* 1849, *p.* 444, § 8.)

I think I have shown that the six years' statute of lim-
itations is applicable to capital stock notes of mutual in-
surance companies ; and if so, it is properly pleaded as a
defence to the first claim or cause of action set out in the
complaint.

I can see no objection to the defendant proving in sup-
port of the defence of the statute of limitations, if neces-
sary, that the insurance company requested him to pay his
note as part of the capital stock of the company, and that
he refused so to do more than six years prior to the time
the action was commenced ; and if such a state of facts
should be established, the six years' statute would be a bar
to the first claim or cause of action in the complaint, unless
my brethren shall hold that no statute of limitations runs
on the capital stock notes of a mutual insurance company
during the existence of its charter or the time it does busi-
ness ; which I do not think can be done without putting
an unwarrantable construction upon the statutes concern-
ing such notes and companies.

I will also remark, that the plaintiff can only demur to
an answer containing new matter, where, *upon its face*, it
does not constitute a counter-claim or defence, (*Code*,
§ 153,) and that a demurrer admits the allegations in the
pleading demurred to are true ; and that the demurrer in
this case admits that neither claim or cause of action set
out in the complaint, accrued at any time within six years
next before the time the action was commenced.

For the foregoing reasons, I am of the opinion the deci-
sion of the special term, overruling the demurrer to the

fourth defence contained in the answer, should be affirmed, with costs.

P. S. Since writing the foregoing opinion, I have learned that the court of appeals in April last, decided in *Howland* agt. *Edmonds*, that notes in the form of premium notes, given and taken as and for capital stock notes, and used as such in organizing a mutual insurance company, are payable on demand, and that the statute of limitations begins to run thereon from their dates.

PARKER, J., delivered an opinion, in which he came to the conclusion the order appealed from should be affirmed, with costs.

CAMPBELL, J., concurred.

Order affirmed, with costs.

PARKER, J. It has been recently decided by the court of appeals, in the case of *Howland, receiver, &c.* agt. *Edmonds*, that the statute of limitations may be set up as a defence to an original stock note like the one in question.

The plaintiff's counsel, however, insists that the allegations in the complaint, showing that the receiver was restrained from collecting the notes of the company by injunction, bring this case within the following provision of the statute, (*Code*, § 105 :) "When the commencement of an action shall be stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition shall not be part of the time limited for the commencement of the action"; and that, those allegations forming part of the plaintiff's case, the answer that the cause of action *did not accrue* within six years, does not go far enough to constitute a defence, inasmuch as the complaint shows that, notwithstanding such fact, the plaintiff is still entitled to recover, and therefore that the demurrer to the answer is well taken.

I am of the opinion that the commencement of an action upon the note in question was stayed by injunction, within

the meaning of the statutory provision above quoted, as shown by the facts set forth in the complaint. The receiver was as effectually restrained from bringing an action upon the note, as though the injunction had been obtained in an action brought by this defendant against him. Being the officer of the court, he could be restrained by its order made in the suit in that behalf mentioned, from collecting any of the notes of the company. The injunction set forth in the complaint being operative, therefore, as to this note, the case is brought within the letter of the statute, and I think clearly also within its intent.

But the chief question upon this point is, whether the setting up of the injunction in the complaint made it necessary for the defendant, in his answer of the statute of limitations, to deny the allegations showing the injunction, or to confess and avoid them. If the allegations respecting the injunction are properly in the complaint, then it is evident that the answer is defective. The 142d section of the Code prescribes, so far as facts are concerned, that the complaint shall contain " a plain and concise statement of the facts *constituting a cause of action*, without unnecessary repetition"; and section 160 provides that if " redundant matter be inserted in a pleading, it may be stricken out on motion of the party aggrieved thereby." It would seem that the rule of pleading under the Code restricts the plaintiff to a statement of the facts necessary to constitute a cause of action, and that whatever is stated more than this, is to be stricken out as redundant.

It was not necessary for the plaintiff to set up that the commencement of an action on the note had been stayed by an injunction, to make out his cause of action, (2 *Kern.*, 635,) and hence it seems to me that those allegations are redundant, and would be stricken out. I know that Mr. Justice Smith, in an analogous case held, at special term, that a plaintiff may in his complaint anticipate the defence, and allege matters in answer thereto, remarking that " a

plaintiff must be allowed some latitude in stating his case in his complaint, which is to follow the form of pleading in practice in equity, rather than at law." (13 *How.*, 102.) Mr. Justice HARRIS, on the contrary, held in an equity case, that such pleading is not allowable under the Code; and when the plaintiff set up matter intended to meet and avoid an anticipated defence, " as a kind of replication in advance," he struck it out as redundant, and held that " the plaintiff is to state the facts which constitute his cause of action, and nothing more." (8 *How.*, 470.) This seems to me better to consist with the requirements of the Code, than the case in 13 *How.*, and I conclude that the allegations in question are not properly in the complaint; and being *immaterial* as a portion of the complaint, it was not incumbent on the defendant either to deny or avoid them in his answer, and they do not stand admitted by his omission to do so. (*Code*, § 168.)

It follows that the answer is not defective in omitting to notice those allegations, and does, notwithstanding them, constitute a defence to the action.

The order overruling the demurrer was right, and should be affirmed.

---

## COURT OF APPEALS.