SANDS, receiver &c. *vs.* ANNESLEY.

A personal demand of the amount assessed upon a premium note given to a mutual insurance company must be made, before an action can be brought against the maker.

The cause of action accrues when the right to prosecute the action begins. And if an action is commenced within six years from the time of the demand, it is not barred by the statute of limitations.

Upon a recovery on a premium note, for the non-payment of assessments, the plaintiff is entitled to *interest* from the time when the assessments became payable.

THIS is an action by the receiver of an insolvent insurance company, against the defendant, upon a premium note for $350. It is conceded that the note was duly and properly assessed under the law, for the full amount, in June, 1860 ; that proper notice of assessment was duly published; and that the amount of said note became payable on the 22d day of August, 1860, by virtue of such assessment and notice. It is also admitted that the demand of payment by the plaintiff was made upon the defendant personally on the 11th of September, 1867.

Under these facts an answer of the statute of limitations was held to be no bar to the action, and interest from August 22, 1860, was allowed the plaintiff upon the amount of the note. The defendant excepted to each conclusion. Judgment was entered for the plaintiff, and the defendant appealed.

*H. H. Harrington,* for the appellant.

*H. R. Mygatt,* for the respondent.

*By the Court,* BOARDMAN, J. A personal demand of the amount assessed must be made, before an action can be brought against the maker of such notes. (*Laws of* 1853, 909, § 13.) The cause of action accrues when the right to prosecute the action begins. Such is a literal reading of

the statute. As the right of action upon these notes is regulated by statute, such statute must be complied with.

The courts, so far as any opinion has been intimated, have sustained this construction. In *Sands, receiver,* v. *Sanders,* (26 *N. Y. Rep.* 239,) Emott, J., page 249, says: "No action can be brought upon such an assessment until after the expiration of thirty days from such publication, nor until personal demand has been made for payment." "All the requisites of the statute must be complied with before the makers of premium notes can be compelled to pay assessments upon them;" and at page 250, "a personal demand is required by the statute, in addition to the notice of publication." To the same effect is *Devendorf, receiver,* v. *Beardsley,* (23 *Barb.* 656, 663.) "Such a note is payable on demand." So too in *Howland, receiver,* v. *Cuykendall,* (40 *id.* 320,) Allen, J., says: "Before a cause of action could accrue upon the note, notice of assessment was required to be given, and demand of payment made. The note was only payable upon actual demand after" notice of assessment, &c. Again: "Had the plaintiff brought suit before personal demand of the defendant, he would have failed." (*See also Sands, receiver,* v. *St. John,* 36 *Barb.* 628, 634.) The statute of limitations was not therefore a bar to this action.

The objection to the allowance of interest from the 22d of August, 1860, when the assessment became payable, is overthrown by *Hyatt, receiver,* v. *Wait,* (37 *Barb.* 29, 43,) where the same question is considered and decided against the defendant. It is understood that this court has followed that decision in *Sands; receiver,* v. *Dunlop,* not reported.

Two cases (*Bangs, receiver,* v. *McIntosh,* 23 *Barb.* 591, and *Bangs, receiver,* v. *Baily,* 37 *id.* 630) are cited in apparent if not real hostility to this doctrine. But in both cases the assessment was less than the whole amount of the notes in suit. In those cases the court held that the

recovery could not exceed the amount of the note, and that the remainder of the recovery, after deducting the asssessment, was money in the hands of the receiver in security for future assessments. In the last case Davis, J., says, page 634: "The company is authorized to sue for any assessment, and it is clear in such a suit interest would be recoverable on the assessment from the time it fell due." The present action is of that precise character. Without questioning these two cases, I think they may be distinguished from the one under consideration.

If my conclusions are correct, this judgment should be affirmed with costs.

[BROOME GENERAL TERM, May 10, 1870. *Balcom, Murray, Parker* and *Boardman,* Justices.]