RAMY DEZENGREMEL, APPELLANT, *v.* FRANCIS P. DEZENGREMEL, RESPONDENT.

*Statute of limitations — cannot be taken advantage of unless it is pleaded — the omission to plead it is not a defect which can be remedied by an amendment upon the trial.*

The defendant cannot avail himself of the defense of the statute of limitations, unless he has set it up in his answer.

His failure so to plead it, is not a defect in matter of form which should be corrected by the court upon the trial.

HUN—VOL. XXIV.        58

APPEAL from a judgment, entered in Jefferson county, upon the report of a referee, dismissing the complaint with costs.

The action was brought to correct a mistake made in the conveyance of thirteen acres of land. The answer put in issue the question as to the mistake. The referee found that the defendant, Francis P. Dezengremel, having been in adverse possession under his deed from Ranney P. of the land in question for twenty years, the plaintiff is not entitled to a judgment for a reformation of the deed or for a correction of the mistake.

The answer sets up the conveyance of the lands in 1851, and that at the date of said deed " this defendant went into the possession of the said land, as described by metes and bounds, and continued to occupy the same as owner, under claim of title, until such time as he conveyed the same or a portion thereof to one Antoine Royce, or rather until he contracted the same to the said Royce in 1872."

*Dorwin & Remington*, for the appellant.

*F. W. Hubbard*, for the respondent.

HARDIN, J. :

The answer contains no defense of adverse possession ; it does not state that the action was not commenced within the time limited by law.

Section 413 of the Code of Civil Procedure is as follows : " The objection, that the action was not commenced within the time limited, can be taken only by answer."   *   *   *

This provision is like the one in section 74 of the Code of Procedure.

The defendant cannot have the benefit of a defense of a statute of limitations not taken by answer. (*Sands* v. *St. John*, 36 Barb., 628 ; *Butler* v. *Mason*, 16 How., 546 ; *Lefferts* v. *Hollister*, 10 id., 383.) Nor should we amend the answer so as to insert the defense. (*Williams* v. *Willis*, 15 Abbott [N. S.], 11.)

We cannot determine that the defect in the answer was waived at the trial, nor that " adverse possession was one of the prominent issues litigated on the trial and upon which the referee was called upon to find and decide," as no case is made and presented to us.

The appeal is taken from the judgment, and only the judgment roll and the exception to the referee's report are brought up.

Nor is this a case where the answer is defective in form, and such defect is cured by the trial. (*De Grove* v. *M. Ins. Co.*, 61 N. Y., 605; sections 721, 722, 723, Code of Civil Procedure.)

We must reverse. Judgment reversed and a new trial ordered before another referee, with costs to abide the event.

TALCOTT, P. J., and SMITH, J., concurred.

Judgment reversed and new trial ordered before another referee, costs to abide event.