## NIAGARA COUNTY COURT.

EDWARD A. NICHOLLS, Respondent agt. MARTIN E. AT-
WOOD, Appellant.

A *justices' judgment* recovered since the Code took effect, stands on the same foot-
ing with a judgment in the supreme court, so far as the *statute of limitations* is
concerned. That is, the statute of limitations which is governed by the Code,
does not run against such a judgment in *six years* from its recovery.

THE complaint in this action was upon a judgment rendered
by E. Newton, Esq., a justice of the peace of the county of
Niagara, *on the 23d day of November*, 1849, in favor of Enos
Steele, against the above-named defendant for $25.97, damages
and costs, which it was alleged had been assigned to and was
owned by the plaintiff. The defendant denied the allegations
of the complaint, and set up specially the statute of limitations
as a defence.

On the trial an assignment was produced, and proved in the
words and figures following:

*Justices' Court. Before* E. NEWTON, *J. P.,—Enos Steele* agt.
*Martin E. Atwood*, judgment for plaintiff, damages and costs,
$25.97. For value received, I hereby sell, assign and trans-
fer over to Edward Nicholls, the above named judgment, to
be collected by him. Dated, November 23d, 1850.

ENOS STEELE.

The points made, were: *First*. That the statute of limita-
tions had run, and, therefore, the action could not be main-
tained.

*Second*. No consideration for the assignment was proved.

*Third*. There was no proof of the delivery of the assignment.

ELY & FARWELL, *for appellant*.

HOLMES, County Judge. I will dispose of the questions
raised in their inverse order. The assignment was produced and

proved on the trial. There was no evidence tending to show that it was produced by the defendant. It was a part of the plaintiff's proof, and I have no doubt the legal presumption is, that the plaintiff produced it. The assignment then was in the plaintiff's possession. The presumption is, that he came legally by it, until something is shown to throw doubt upon the legality of that possession. There was no such proof. I come unhesitatingly to the conclusion, that the delivery of the assignment was sufficiently shown.

Next, as to the consideration. The assignment contained the words "*for value received.*" This is at least *prima facie* evidence of a good consideration. (14 *John. R.* 466.)

*Third.* The statute of limitations was specially pleaded, and is, I presume, the main ground of defence to the action. It seems that by the common law, there was no stated or fixed time as to the bringing of actions. (2 *Inst.* 95.) But the limitation of actions is the work of various acts of parliament in England, and of various acts of the legislature in this country.

Among the actions which the Revised Statutes, (2 *R. S.* 296, § 18,) declare shall be brought within six years next after the cause of actions accrue and not after, is, " all actions upon judgments rendered in any court not being a court of record." It has been generally understood, that a justices' judgment recovered since those statutes took effect, came within their provisions, and that the statute became a bar to an action upon it in six years after the judgment was entered. (17 *Wend.* 330 ; 5 *Hill*, 408.)

By section 73 of the Code, the provisions of the Revised Statutes, in relation to the limitation of actions, are expressly repealed and the provisions of the Code are substituted in their ¯tead. And by section 74, civil actions can only be commenced within the periods prescribed in title 2 of the Code.

By section 90, (which is a part of title 2,) the period prescribed for the commencement of certain actions is twenty years. Among these is " an action upon a judgment or decree of any court of the United States, or of any state or territory within the United States."