By the Court.*—Balcom, J.
There is some authority for saying that the plaintiff could make a new promise in writing, that would enable the defendant to maintain an action against him on the judgment, which the defendant attempted to enforce by execution ; and I am not prepared to hold that the plaintiff’s stipulation was insufficient to authorize the defendant to bring an action on the judgment, or to avoid the defence of the statute of limitations to such an action. (See Carshore v. Huyck, 6 Barb., 583; 4 Kern., 21). But I am of the opinion that the judgment could not be legally revived by an order entered in the office of the county clerk upon the plaintiff’s stipulation. The judgment had lost all force before the plaintiff signed the stipulation for its renewal or revival. More than twenty years *232 had elapsed after it was docketed in the county clerk’s office before the stipulation was given; and it was of no value to the defendant, unless it was a sufficient consideration for a new promise by the plaintiff to pay it (See Waltemire v. Westover, 14 N. Y. [4 Kern.] 16; Code of Pro., §§ 63, 64, sub. 13, § 90; 16 How. Pr., 475; 32 Barb).
Judgments cannot be revived or renewed except in the manner prescribed by statute; and the judgment in question was not revived or renewed pursuant to any statute, but by stipulation, in a way not authorized by any statutory provision.
It cannot be said that the plaintiff consented to the seizure and sale of the cattle in question because he agreed that the judgment should be revived and renewed, and that an execution might be, issued thereon. In the first place, the execution was issued by an attorney, when an execution on a judgment of a justice of the peace, which has been docketed in the office of the county clerk, can only be issued by the clerk; (Code, § 64, sub. 13; Brush v. Lee, 18 Abb. Pr., 398), and the plaintiff did not consent that the execution might be issued by an attorney, •but only by the clerk or any other person “ authorized to issue execution on the judgment.” This consent did not justify the attorney in issuing the •execution, for the reason that an attorney is not a person “ authorized to issue execution” on such a judgment. In the second place, the plaintiff forbade the sale of the cattle upon the execution, and objected to the defendant taking them away after he purchased them. Hence, if the stipulation was an agreement by the plaintiff that the defendant might do all he did do upon the judgment and execution, the same was not executed before the plaintiff refused to perform it, and ob- . jected to its enforcement. .
If the foregoing conclusions are correct, the judgment and execution were no defence to the action, and the defendant’s ' motion for a new trial should be denied, with costs.
Ordered accordingly.

 Present, Parker, Mason and Balcom, JJ.