## Dean vs. Hewit.

An action may be maintained by the *endorsee* of a promissory note, where the *statute of limitations* has attached, on proof of a promise to the *payee* to pay the debt within six years before the commencement of the suit.

A negotiable note, the remedy on which after being barred by the statute of limitations is revived by a new promise or acknowledgment, may be transferred and an action maintained on it in the name of the endorsee.

The holder of a note may maintain an action upon it in his own name, without proving title, where there are no circumstances shewing his possession to be *mala fide*.

A verdict will not be set aside where, on a motion for a nonsuit, the judge declares the evidence to be sufficient to entitle the plaintiff to recover, and charges the jury to find for the plaintiff, if the evidence warrants the verdict.

THIS was an action of assumpsit, tried at the Washington circuit in June, 1829, before the Hon. ESEK COWEN, one of the circuit judges.

The plaintiff declared as the *endorsee* of two promissory notes, made by the defendant, payable to Robert Dean or order. The notes bear date 15th October, 1808, payable in March and October ensuing their dates. The suit was commenced in October, 1828. The defendant pleaded *non assumpsit* and *actio non accrevit,* and the plaintiff replied that the cause of action did accrue within six years. On the trial of the cause, the plaintiff proved the endorsement of the notes by proving the name of the payee subscribed on the notes to be in the hand-writing of the payee. A witness testified that in 1815 the payee left the the notes in his hands for collection, with directions however not to sue, the name of *the payee then being* endorsed *on the notes;* that in 1824 he demanded payment of the notes of the defendant, who said it was an honest debt, and he would pay it when he got able; that the payee died in May, 1828, and in October following he (the witness) delivered the notes to the plaintiff, who is the son and heir of the payee, and to whom he considered them to belong. He further testified that he understood the defendant to be a man of handsome property and amply able to pay the amount of the notes. The defendant moved for a nonsuit, because, 1. From the evidence it was manifest the notes belonged to the *personal representatives* of the payee, and not to the plaintiff; 2. That the statute of limitations having been interposed, it was incumbent on the plaintiff to prove a *new promise* to *himself;* and 3. That the promise being conditional, the plaintiff was bound to prove that the defendant was able to pay. The judge denied the motion for a nonsuit, and ruled that the testimony was sufficient to entitle the plaintiff to recover; to which decision the defendant excepted. The judge charged the jury to find a verdict for the plaintiff for the amount of the notes, to which charge the defendant also excepted. The jury found for the plaintiff, and a motion is now made to set aside the verdict.

*L. Gibbs,* for defendant. The plaintiff ought to have been nonsuited for not shewing title to the notes. The endorsement was not to him; the notes belonged to the personal representatives of the payee, who alone are entitled to maintain a suit.

The promise of the defendant was conditional, and the evidence was not sufficient to charge him; at all events it should have been submitted to the jury.

The plaintiff is not entitled to recover on the *new promise.* It was made in 1824, when the *payee* was in full life and the holder of the notes. The plaintiff, as *endorsee,* cannot avail himself of the promise to the payee. Such is the law in reference to a new promise to pay a debt barred by an insolvent discharge, 3 *Wendell,* 135 ; and why should it not apply to a promise to pay a debt barred by the statute of limitations ? In the one case, the statute declares that the insolvent shall be *discharged* from all debts ; in the other, that all actions upon contract shall be commenced and sued within six years next after the cause of action accrued, *and not after.* When the statute attaches, the note is *functus officio,* and if the lapse of time be pleaded, there can be no recovery. A note barred by the statute furnishes the consideration of a new promise, and so does a note barred by an insolvent discharge ; but the action in either case should be in the name of the promissee, and is not available to an assignee. A promise to the payee does not support the issue that an action accrued to the endorsee. In neither case does an acknowledgment revive the *old* debt ; it is evidence only of a *new promise,* of which the former debt is the consideration. 11 *Johns. R.* 146. It has been said that the statute of limitations proceeds upon the presumption of payment, and that by a subsequent acknowledgment rebutting such presumption, the original contract is resuscitated ; but this is not so, the presumption of payment does not attach to a note unless the statute is pleaded. The doctrine of presumption of payment applies to a bond, but not to a note. That the *old* debt is not revived by an acknowledgment of its existence, is evident from all the cases of conditional promises to pay, where, although the debt is acknowledged to be due and unpaid, yet inasmuch as the debtor promises to pay only upon certain conditions, the action will not lie unless the condition is complied with or the contingency has hapened, upon the occurrence of which the party promised to pay. 8 *Johns. R.* 407. 4 *Esp. R.* 36. The action is virtually on the new

promise, and such promise does not revive the debt.  *Willes,*
29.  *Salk.* 28.  6 *Mod.* 309, 10.  *Strange,* 890.  3 *East,*
409.  3 *Bos. & Pul.* 465.

*S. Stevens,* for plaintiff.  The holder of a note, either as
payee or endorsee, may maintain an action upon it in his own
name, although he has no interest in it, and holds it as agent
merely for the purpose of collection, if it does not appear
that his possession of the note is *mala fide ;* and in the ab-
sence of such proof, he will be considered a trustee suing for
the benefit of those having the legal interest.  11 *Johns. R.*
52.  7 *Cowen,* 174.  6 *Mass. R.* 430.  7 *id.* 479.  15 *id.*
534.  Such is the doctrine as applicable to a suit by a stran-
ger ; here the plaintiff is the son and heir of the payee.  The
defendant cannot complain that the evidence of his ability to
pay was not such as to warrant the verdict ; *prima facie* it
was sufficient, and if the defendant was not satisfied with the
answer of the witness, he should have cross-examined him ;
nor can he complain of the charge of the judge ; the ques-
tion was submitted to the jury, and that is conclusive.

Lapse of time does not destroy a note or its negotiability.
An action may be maintained on it by an endorsee, though
ten years have elapsed since the cause of action accrued, if
the statute of limitations be not pleaded.  When pleaded, a
clear and unequivocal admission of the debt authorizes the
implication of a promise, and the holder is entitled to recov-
er without proving a promise expressly made.  The forms of
pleading shew that a new promise revives the debt.  The
statute of limitations proceeds upon the presumption of pay-
ment, and an acknowledgment of the existence of the debt
rebuts the presumption.  The insolvent act, on the contra-
ry, admits the non-payment ; and therefore where a debt is
barred by an insolvent discharge, a new promise must be
shewn, and will not be implied.  An action cannot be main-
tained by an endorsee of a note barred by an insolvent dis-
charge, on the strength of a new promise to the payee after
the discharge and previous to the transfer.  *Depuy* v. *Swart,*
3 *Wendell,* 135, for the reason that the note is *functus offi-
cio,* and having no existence, has no negotiable qualities ; the

liability of the debtor in such case growing out of the new promise. Not so in the case of a note more than six years due : a recovery is barred if the statute of limitations be pleaded, but if a clear and unequivocal admission be shewn, the debt is revived, and the party is charged upon the original promise, and not as upon a new contract. 3 *Wendell*, 187, 272.

*By the Court*, MARCY, J. The holder of negotiable paper can maintain an action on it in his own name without showing title to it. The court will not inquire into his right to the paper, or to maintain a suit on it, unless circumstances appear shewing his possession to be *mala fide*. The facts in this case do not warrant such a suggestion. The plaintiff has not only the possession, but an interest, if not the entire property in the notes. There cannot therefore be any well founded objection to sustaining the suit in his name.

The new promise relied on to avoid the operation of the statute was conditional. When called on in 1824 for payment, the defendant said it was an honest debt, and he would pay it when he got able. The testimony as to his ability is, that he was reputed at the time of the trial, to be a man of handsome property, and amply able to pay the notes. On a motion for a nonsuit, on the ground that the ability of the defendant was not proved, the circuit judge declared that fact was sufficiently made out, and charged the jury to find a verdict for the plaintiff. It is to be observed, that the testimony was not withdrawn from the jury, but was in fact submitted to them, although accompanied with a positive expression of opinion that it was sufficient to establish the condition which rendered the new promise effective. The judge viewed the testimony correctly ; it well warranted the verdict. We cannot, therefore, interfere with the finding of the jury on that ground. If the sufficiency of the evidence to establish the ability of the defendant to pay could be questioned—if the testimony on this point had been contradictory, the party might have had reason to complain that the judge had thrown the weight of his decided opinion into the scale against him.

The new promise was made whilst the notes were the property of the *payee ;* and the principal question in this cause is

as to the effect of that promise. A distinction has long prevailed, and has been often recognized in this court, between matters of defence affecting the cause of action and that which reaches the remedy only. Infancy and a discharge under an insolvent law have been considered as affecting the cause of the action, while the statute of limitations has been regarded as touching the remedy only. It would not be profitable to inquire, at this time, into the reasons of this distinction, or the want of reasons for it: for us, it is sufficient to know that it has for a long time prevailed here, and is an established principle of law. We are not therefore at liberty to overlook it. *The statute of limitations proceeds upon the presumption of payment.* A recognition of the existence of the debt, after the statute · has attached, revives the remedy which was lost; but the cause of action is the same as it was before the remedy was barred. This court has always considered the acknowledgment or new promise as a continuation of the old promise; hence, the recognition of a partnership debt to which the statute has attached, by one of the partners, after the dissolution of the partnership, revives the demand against all the partners. 6 *Johns. R.* 267. 15 *id.* 3. Such would not be the effect of a recognition if the demand was ever in fact discharged; for no position is better sustained by authority than that after the dissolution of a partnership, no individual of which it was composed can do any act to create a demand against the firm. The acknowledgment rebuts the *presumption of payment;* and when made before the statute attaches, has the same effect as if made afterwards. It keeps alive, if I may so express myself, the remedy. If the acknowledgment is made at the end of five years, the remedy is not lost till the expiration of eleven years after the first accruing of the action. In such a case, there is no moment of time during the eleven years when the remedy does not exist. It cannot be said, then, that the new promise either revives the cause of action or the remedy; it only continues the latter. I am inclined to think that a demand, the remedy for the recovery of which is continued or revived by a new promise or a bare acknowledgment of its present existence, is precisely the same after the remedy has been continued or revi-

ved as it was before the statute had or could have attached; and where it is evidenced by a negotiable instrument, the negotiability of that instrument is co-existent with the demand. I am aware that some of the positions here stated conflict with the views of Mr. Justice *Story*, as expressed in his opinion in the case of *Bell* v. *Morrison and others*, 1 *Peters*, 351; but we cannot yield to those views, and give full effect to them, without unsettling principles that have been so long established as to entitle them to be considered as the law of this state.

Motion for new trial denied.