By the Court,

Beardsley, J.
The promise. proved by the plaintiff was conditional. The defendant said he would pay the note “as soon as he conveniently could.” This is equivalent to an engagement to pay when able; such being what the words fairly import. It is well settled that, in order to make a promise of this kind effective, the defendant’s ability to pay must be shown. (Davies v. Smith, 4 Esp. Rep. 36; Dean v. Hewit, 5 Wend. 257; Allen v. Webster, 15 id. 284; Turner v. Smart, 6 Barn. & Cress. 603; Ayter v. Bolt. 4 Bing. 105; Bell v. Morrison, 1 Peters' Rep. 371, 2.) No attempt was made to show the defendant’s ability to pay, or that'.he had property of the value of a cent; and proof of the promise alone was not enough to make out the plaintiff’s case.
But an acknowledgment will sometimes authorize a jury to find a promise to pay. The acknowledgment, however, must be" explicit and unconditional; and any suggestion *47 which qualifies it, or repels the idea of a promise to pay, destroys the effect of what is said. (Purdy v. Austin, 3 Wend. 190; Sands v. Gelston, 15 Johns. Rep. 511; Wetzell v. Bussard, 11 Wheat. 309; Allen v. Webster, 15 Wend, 284; Haydon v. Williams, 7 Bing. 163; Moore v. The Bank of Columbia, 6 Peters' Rep. 86; Chitty On Cont. 821, 5th Am. ed.) The acknowledgment in the present case' was accompanied by a conditional promise to pay, which repels the idea that the party intended to make an absolute engagement. I think the evidence was insufficient to support the replication.
New trial granted.