## SUPREME COURT.

### ROBERT T. JOHNSON, receiver, &c. agt. THE ALBANY & SUSQUEHANNA RAILROAD COMPANY.

Where a railroad company sued a subscriber on a balance due on his subscription, and recovered only a part of such balance, the other part being barred by the statute of limitations:

*Held*, that the subscriber, or his assignee, was entitled to a *certificate* of the stock, after having paid the amount so recovered.

A general resolution forfeiting stock for non-payment of installments, which does not specify the stock forfeited is not valid.

*Special Term, November,* 1870.

THIS was an action to compel the defendants to issue to plaintiff a certificate for twenty shares of stock; and was tried at the Albany November circuit, 1870, without a jury.

A. J. PARKER, *for plaintiff*
N. C. MOAK, *for defendant*

LEARNED, J.—John Edgerton, subscribed for twenty shares of the Albany and Susquehanna railroad company, and paid thereon the first installment of ten per cent. on the 30th of May, 1863; the board of directors called for the payment of ten per cent., on the 1st day of September, 1863, and ten per cent. every sixty days thereafter. Edgerton paid the second, third, fourth and fifth installments, making $1,000 in all.

Afterwards, on the 12th of December, 1860, the company sued him to recover the remaining installments amounting to $1,000, and interest. He set up several

defenses, and among them, the statute of limitations as to the sixth, seventh, eighth and ninth installments. On the trial, September, 9, 1863, the defense of the statute of limitations was sustained, and the company had a verdict for $320 45, being for the 10th installment, with interest; judgment thereon was perfected, November 13, 1863, with costs, and this judgment was collected of him on execution, April 21, 1864.

On the 3d of September, 1867, Edgerton voted upon this stock.

On the 23d of September, 1867, the plaintiff was appointed receiver of the property of Edgerton, under proceedings supplementary.

On the 7th of April, 1868, the board passed a resolution, that the treasurer serve notices on delinquent stockholders, requiring them to pay up the balance by July 1st, and that in case of non-payment their stock would be forfeited. On the 1st of May, 1868, the company served a notice on Edgerton, of the foregoing resolution. This notice stated that the amount paid on his stock, was $1,000 and that the balance due was $1,000, and required that balance to be paid by July 1st, otherwise, the stock would be forfeited.

On the 14th day of July, 1868, the board of directors passed a resolution that the stock subscriptions which had not been paid in full, and of which notice had been duly served, be and the stock was thereby forfeited. This resolution was in general terms, not specifying any stockholders by name.

The company had not at this time any notice of plaintiff's appointment, and the stock has never been transferred on the books of the company.

On the 6th of May, 1870, the plaintiff demanded a certificate of this stock, and the defendant refused it; and on the 1st of September, 1870, this action was commenced.

The first question, and, indeed, the principal question is on the effect of the judgment and satisfied execution.

When a subscriber to stock fails to pay an installment, as it becomes payable, the company has two remedies; the one, a recovery and enforcement of the subscription; the other, a forfeiture of the stock. The company may take either; it cannot take both. *(Small* agt. *Herk. Man. Co.,* 2 *N. Y.*, 330.) Judge HOYT in that case, shows that the case of a subsciption to stock, is analogous to that of a sale of personal property, where the vendor reserves the right, on default of payment at the time stipulated, to forfeit the contract and previous payments.

There could be no question that if Edgerton had paid the installments in full, either voluntarily or on execution, he would have been the owner of the stock; and it would have been impossible for the company to deprive him of it by any attempted forfeiture. In this case, the company sued him on his subscription. They, thus attempted to compel his performance of the contract. He defended; and as the result of the defense it was adjudged that he was liable to pay a certain amount, being less than the company claimed. He asserted several grounds of defense; but it is admitted that the successful defense was the statute of limitations, which was held to bar four of the installments. Now, whatever may have been the defense, this was a judgment between the two parties, deciding that the only amount payable on Edgerton's subscription was the amount recovered. It is conclusive. It decides, beyond the right of dispute, that Edgerton owed the company, at that time, on his whole subscription, only the amount of that recovery. Neither he, nor they, can question this. It is of no consequence whether his defense were payment, or set-off, or the statute of limitations. It is enough that the judgment decided that he entered into the contract, and established the amount remaining due upon it. When, therefore, Edgerton paid the execution, he paid the company all that he owed on his stock subscription.

If it is said that they have thus lost four installments,

the answer is that that is their own fault. They permitted the time to run; and they knew, when they sued, that these installments were barred. They might have then taken the other remedy of forfeiture, when they knew that they had lost the right to collect the installments. But instead of forfeiting, they sued to enforce the contract; and in fact, they recovered against Edgerton all that he legally owed them upon the stock subscription.

Even after recovering the judgment, if the company had been dissatisfied with the recovery, they might have discharged the judgment, or might have declined to enforce it. But they proceeded to collect by execution the amount recovered. Thus they have made their election to take what was due them on the stock subscription, rather than to forfeit the stock; this election concludes them. When Edgerton paid the execution, he became the owner of twenty shares of paid up stock. It was not necessary, in order to complete his right, that a certificate of stock should be issued. A certificate of stock is not necessary to the stockholder's title. It is only a convenient voucher, which he has a right to receive if he asks for it.

The fact that Edgerton voted on the stock, is some recognition of his complete ownership; but not conclusive. For stockholder's vote on partially paid stock in this company. (*People* agt. *A. & S. R.R. C.*, 38 *How.*, 228, at 268.)

If I am correct in these views, then the company could not forfeit the stock; because there was nothing unpaid upon it. The plaintiff having been appointed receiver of Edgerton, became entitled to this stock; and whenever he applied to the company for a certificate they were bound to issue it to him.

Perhaps it is not necessary to examine the other point; that of alleged forfeiture. For if Edgerton has not fully complied with his contract, (as I hold that he has done,) neither he, nor his receiver, can compel the delivery of a

Johnson agt. Albany & Susquehanna R.R. Co.

certificate; even if the stock has not been forfeited. But I will say briefly, that passing over the error in the notice of May 1, 1868, requiring payment of the subscription, I am decidedly of the opinion that the resolution of July 14, 1868, is not a valid forfeiture. It declares in general language that the subscriptions which have not been fully paid, and notice of which has been duly served be forfeited. It leaves it undecided which those subscriptions are. If a subscription is forfeited, then the subscriber is discharged from his personal liability. The company, therefore, must specify what subscriptions, or stock, they forfeit. They cannot leave this to the uncertainty of proving that notice had been duly served. Otherwise, they might attempt to annul their own alleged forfeiture, by claiming that notice had not been duly served. They must declare to the stockholder that they claim to forfeit his specific stock, so that he may know what position they take. As the resolution now stands, Edgerton could not ascertain from their proceedings that they ever pretended to have notified him to pay up his installments, or that for default in that respect they had, as they claimed, forfeited his stock.

It is not shown that there is anything to prevent the company from issuing a certificate, and thus giving to plaintiff the usual evidence that he owns this stock. He is now, as I hold, the owner of these twenty shares; although he has no certificate. There must be a judgment that the company execute and deliver to him a certificate therefor, in the usual form. And the plaintiff must recover costs.