Anthony v. Herzberg.

---

## City Court.

*Trial Term—June,* 1885.

## ANTHONY *against* HERZBERG.

The statute of limitations operates on the remedy merely, and does not extinguish the debt; and a payment on account revives the remedy, whether it be made before or after the statute has once attached.

McADAM, Ch. J.—The statute of limitations operates on the remedy merely, and does not extinguish the debt. A payment made on account of the debt is evidence from which a promise to pay the balance due may be inferred,

if the circumstances are consistent with such intent (66 *N. Y.* 352; 11 *Barb.* 554; 46 *Id.* 167; 36 *N. Y.* 86). The principle on which payment operates to take the case out of the operation of the statute is that the party paying intended by it to acknowledge and admit the greater debt to be due. The effect of a part payment is derived from the decisions of the courts, which have become part of the common law, which section 395 of the Code in terms leaves unimpaired. From the part payment the law implies a promise to pay the residue, and the unpaid part of the debt is, by a legal presumption, renewed and made to date from the time of the part payment (2 *N. Y.*, 523; 53 *Id.* 442). In some of the States it has been decided that the payment which revives the debt must be made before the statute attaches, but in this State it has been held that it matters not whether the payment be made before or after the statute has commenced to run (Dean *v.* Hewitt, 5 *Wend.* 262). Judge MARCY, in that case, argues that the new promise rebuts the presumption of payment upon which the statute of limitations proceeds, and has the same effect in keeping alive the remedy, whether made before or after the statute attaches (Carshore *v.* Huyck, 6 *Barb.* 586; Van Keuren *v.* Parmelee, 2 *N. Y.* 525). The action was properly brought upon the original demand (12 *N. Y.* 635), and the new promise proved on the trial kept alive the remedy.

Motion for new trial denied.   No costs.

### Peculiarities of the Statute as applicable:

1st.   To makers and indorsers of demand notes.

2d.   To a loan of money and a deposit of money.

*City Court, Trial Term, November,* 1885.   McADAM, Ch. J.—The statute of limitations as construed by the courts presents some peculiar features.   The maker of a demand note is liable thereon without demand.   As to him, it is a demand due presently; an action thereon lies against him at once, and a suit commenced more than six years after date of the note is barred by the statute (89 *N. Y.* 456). But as against the indorser of the same note the statute does not

begin to run until after demand of payment has actually been made of the maker, and an action against the indorser brought at any time within six years after such demand is not barred (98 *N. Y.* 379). If money is loaned, the right of action is barred at the end of six years after the loan is made, but if it be a deposit of money instead, the statute does not run until six years after demand made therefor (74 *N. Y.* 482 ; 29 *Id.* 166, 167 ; 6 *Hill*, 297). These distinctions, though subtle, are well established by authorities, and prevent the running of the statute in this case. In addition to this, the new promise in writing takes the case out of the operation of the statute. The verdict rendered has warrant in law, and the application for a new trial must be denied.