BEACH 102ND STREET REALTY CORPORATION, Plaintiff, *v.* ISAAC RINGEL et al., Defendants.

Supreme Court, Special Term, Queens County, March 4, 1947.

*Paul A. Katske* for plaintiff.

*Isidore Fried* and *Lena Bigman* for defendants.

HALLINAN, J. Motion by the plaintiff for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice and section 476 of the Civil Practice Act.

This is an action in equity brought by the owner of real property against the owners of a mortgage thereon to remove the same as a cloud on plaintiff's title. The complaint alleges that no payment of interest or principal has been made upon the mortgage in question for over ten years and that more than six years have elapsed since a cause of action in favor of the mortgagee has accrued; that more than six years have elapsed since the entire principal became due, and that, therefore, the defendants are barred by the provisions of section 47-a of the Civil Practice Act from instituting an action to foreclose their mortgage by reason of the foregoing nonpayments.

The prayer for relief is for a judgment that the unpaid mortgage be declared a cloud on the title of the plaintiff and that the defendants and every person claiming under them be barred from all claim or interest in the property described in the complaint and that the Register of the City of New York, County of Queens, be directed to cancel and discharge the same of record.

In *Morey* v. *Farmers' Loan & Trust Co.* (14 N. Y. 302, 307) it was held that the legal presumption of payment afforded by the Statute of Limitations cannot be used " as an instrument, in a court of equity, for affirmative, aggressive action or attack * * *." In *Butler* v. *City of Oswego* (54 Hun 476) the General Term, Fourth Department, followed the *Morey* case (*supra*) and cited also *Johnson* v. *Albany & Susquehanna R. R. Co.* (54 N. Y. 416) to the same effect. In *Cherrington* v. *South Brooklyn Railway Co.* (180 App. Div. 659, 663 [1917]), the Appellate Division, Second Department, citing the *Morey* case (*supra*) said: " It seems to me that as the plaintiff here is seeking equitable relief, he cannot rely upon the Statute of Limitations to maintain affirmatively his claim." Commenting upon the quoted language from the *Morey* case (*supra*), the court added (p. 664): " This is in harmony with the general rule that such a statute may be used as a shield but not as a sword. (*House* v. *Carr*, 185 N. Y. 453.) "

In light of the foregoing authorities, this court is constrained to hold that the plaintiff, the owner of the property subject to the lien of the defendants' mortgage, cannot employ the Statute of Limitations as the basis for obtaining affirmative relief to wipe it off record.

Inasmuch as under rule 112 of the Rules of Civil Practice the court may grant judgment on the pleadings in favor of the defendants dismissing the complaint without the necessity of their moving for such relief, the plaintiff's motion for judgment is denied and the defendants' request for judgment dismissing the complaint is granted.

Settle order on notice.