ELLIS COCKE, Adm'r, *v.* JAMES HOFFMAN.

SURETY, *Contribution from co-surety. Payment after bar of statute of limitations.* A surety who pays the debt after the bar of the statute of limitations has attached in his favor is not entitled to recover contribution from a co-surety equally protected by the statute.

FROM HAWKINS.

Appeal in error from the Circuit Court of Hawkins County. NEWTON HACKER, J.

MCDERMOTT & KYLE for Cocke.

W. H. WATTERSON and J. B. HEISKELL for Hoffman.

COOPER, J., delivered the opinion of the court.

Jesse M. Lyons, the intestate of the plaintiff in error, commenced this action, January 29, 1867, against James Hoffman, before a justice of the peace, to recover contribution from him as a co-surety for money paid in discharge of the common debt. The justice rendered judgment for the defendant, and, upon appeal, the circuit judge, who tried the case without a jury, rendered a similar judgment. The plaintiff appealed in error.

Lyons and Hoffman were sureties for James Richards on a note, dated December 14, 1862, and payable one day after date to Wm. Lyons, for one hundred dollars. Jesse M. Lyons paid this note on the 20th of January, 1873, after the bar of the statute of limitations had run in his favor. On the trial, these facts were proved by the administrator of Wm. Lyons, the money having been paid to him. The witness also proved that Richards, the principal, was, and always had been, insolvent. He further testified: "I had several conversations with Jesse M. Lyons about the note, in which he promised to pay it, and I held him bound by the promise, and he settled it as I before stated." The witness added that Hoffman was not present at any of the conversations between witness and Jesse M. Lyons.

The bill of exceptions shows that the plaintiff's counsel opened his case by reading the warrant, remarking: "I suppose they plead that they do not owe the debt." To this remark the defendant's coun-

sel made no reply. When the plaintiff's counsel began to address the jury, he said that he did not see how the defendant could avoid the payment of the amount sued for, as he had made no defense. The defendant's counsel replied, we rely upon the statute of limitations. The plaintiff's counsel then insisted that the defense should have been announced before the evidence was closed. The court ruled otherwise, and held that the cause of action was barred by the statute.

It is now assigned as error that the court permitted the defense under the circumstances. But it was settled at an early day in this State that it is not required that an issue should be made up on the trial of appeals from a justice, and the jury are sworn to try the matter in controversy. *Baker* v. *Allen*, 2 Tenn., 175. Any defense may be relied on which the facts justify. And the defense in this case was not so much the statute of limitations as that the plaintiff could not recover contribution for the payment of a debt from which he was protected by the statute.

The plaintiff moved for a new trial, and, upon the hearing of the motion, offered his own affidavit that he did not know or learn the exact time when Jesse M. Lyons promised to pay the administrator of Wm. Lyons the Richards note, and that his counsel, by oversight, when the administrator was examined on the trial, failed to elicit the fact; that he has since learned, and can prove by the administrator, that the promise was made several months before the day when

the note was paid.    He produced the affidavit of the administrator to this effect.    The judge refused a new trial, and this is assigned as error.

It is obvious that the plaintiff might easily have learned the time when the promise to pay was made by Jesse M. Lyons, and it was gross carelessness on his part not to have ascertained it from his own witness, and advised his counsel of the fact.    The circuit judge was right in refusing the motion for a new trial, and equally correct in holding that the evidence given by the witness at the trial was insufficient to show that the promise was made within the period of the bar of the statute of limitations.    The only question before us, therefore, is, whether a surety who pays the debt of his principal after the bar of the statute of limitations has attached in his own favor is entitled to recover contribution from another surety equally protected by the statute.

The right of a surety to recover contribution from a co-surety, the principal being insolvent, is, as a general proposition, clear.    *Cage* v. *Foster*, 5 Yer., 261. The relation of the parties and the rights incident to that relation originate with the execution of the instrument of suretyship, while the right to contribution arises at law from the payment of the money.    The statute of limitations begins to run from such payment beyond the ratable share of the surety making the payment.    *Reeves* v. *Pulliam*, 7 Baxt., 119.    These propositions are plain enough, and it is equally plain that the payment of an obligation which has ceased to be binding upon any of the obligors would give

no right of action for contribution. The obligation, the authorities say, must be valid and subsisting, or, as it is otherwise expressed, fixed and legal, and the payment compulsory. 1 Pars. Con., 32; Brandt on Suretyship, sec. 232; 2 Dan. Neg. Ins., sec. 1341. But the obligation of a debt, the remedy on which is barred by the statute of limitations, cannot be said to be subsisting and legal, and its payment compulsory on a party in whose favor the bar has attached. He may successfully resist the obligation and decline the payment. And, to use the language of an eminent judge, "it is idle to talk of a debt where there is no legal obligation to pay it." Per Bronson, J., in *Van Keuren* v. *Parmelee,* 2 Comst., 523.

It is said, however, that this court has decided that a surety who has paid the debt may recover against the estate of his principal, or against the estate of a co-surety for contribution, although the personal representative of the principal or surety, as the case may be, may have already been protected by the statute of limitations from a direct suit by the creditor. *Marshall* v. *Hudson,* 9 Yer., 57; *Maxey* v. *Carter,* 10 Yer., 521; *Reeves* v. *Pulliam,* 7 Baxt., 119. It is further said that this court has held that a surety who has paid the debt may have contribution from a co-surety, although the latter had, prior to the payment by the surety, been discharged in bankruptcy from liability on the contract. *Goss* v. *Gibson,* 8 Hum., 197. It is hence argued that the decisions in this State are not in accord with the general rules above mentioned in regard to the legal and subsisting

nature of the obligation, and compulsory character of payment required to create the right of action for contribution.

Whether the decision was correct in the bankruptcy case may admit of doubt, for the reason that the relation of suretyship between the parties was terminated by the discharge before payment. *Tobias* v. *Rogers,* 13 N. Y., 59; 1 Smith Lead. Cas., 1250, 7 Amer. ed.; *Eberhart* v. *Wood,* 2 Tenn. Ch., 488. Both classes of cases proceed, however, upon the same ground, viz: that the statute and the discharge in bankruptcy only operate on the remedy, and do not extinguish the debt. The debt is revived in each class of cases by the same character of promise, and the action lies on the original demand. *Hunter* v. *Starkes,* 8 Hum., 656; *Taylor* v. *Nixon,* 4 Sneed, 353. After some uncertainty in the language of our judges, the law may be considered as so settled in this State. *Woodlie* v. *Towles,* 1 Memph. L. J., 68, 179; S. C. 1 Leg. R., 331; *Partee* v. *Badget,* 4 Yer., 174; *Hannah* v. *Hawkins,* MS., at this term. In this view, the statute, in the one class of cases, and the discharge in bankruptcy only bar the remedy, without impairing the obligation, and the defense being personal only, protects the party entitled to its benefit. *Armstrong* v. *Croft,* 3 Lea, 191; *Davis* v. *Davis,* MS., at this term. The obligation is left in full force as against all other parties to the contract, and, of course, if such other parties are compelled to pay the debt, while it is legal, subsisting and compulsory as to them, their rights growing out of such compulsory payment

remain in full force. But it has never been held that if one of such parties pays the debt after it has ceased to be legal, subsisting and compulsory, as where he is himself protected by the statute of limitations or by a discharge in bankruptcy, he could recover against a co-surety.

On the contrary, our decisions, from an early day, tended in a different direction. This court held, contrary to the then current of authority, that even a partner could not revive a partnership debt by a new promise, made after the dissolution of the partnership, so as to bind his co-partner, whether the new promise was made before or after the bar of the statute had attached. *Muse* v. *Donelson,* 2 Hum., 166; *Belote* v. *Wynne,* 7 Yer., 534. These cases, it is true, only involved the right of the creditor to hold one partner liable on the promise of the other partner. But it would have been idle to have protected the former from the creditor, if he could be held liable for the same debt to the co-partner. The want of power in the case of partners after dissolution is rested on the cessation of the agency growing out of the partnership. But all co-debtors are precisely in the situation of partners after a dissolution of the firm who are bound for a partnership debt. Neither debtor has a right to bind the other beyond the obligation of the original contract. When that obligation is terminated. either by the extinguishment of the debt or the remedy, neither can create a new obligation which will bind the other either to the creditor or himself. The very fact that he cannot renew the obligation for

the benefit of the creditor, demonstrates that he cannot renew it for himself; for it would be to say he might do indirectly what he could not do directly.

In this State, as now generally, the statute of limitations is looked upon with favor, as a statute of repose. A valid, subsisting obligation may be said to consist of a legal debt or duty, and the remedy to enforce it. *Carshore* v. *Huyck*, 6 Barb., 583. Whether the statute operates to extinguish the debt or the remedy, the result is the same. There is no longer a valid, subsisting obligation, and its payment is not compulsory. The moral obligation can only bind the individual. Such obligations belong to the forum of conscience. The courts can enforce only legal rights.

There is no error in the judgment of the circuit court, and it must be affirmed.